[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an appeal from a decision of the Rhode Island Department of Human Services (D.H.S.), denying medical assistance disability benefits to Appellant John Mejia (Mejia or Appellant). Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 FACTS AND TRAVEL
On July 23, 2003, Appellant submitted an application for Medical Assistance to D.H.S. Appellant filed for disability medical assistance due to an injury sustained while at work on September 26, 2001, which occurred while he was lifting heavy drawers weighing between 80 and 250 pounds. Appellant claims he suffers from neck and left arm pain, difficulty sleeping, and depression. Medical records reveal Appellant's refractory cervical radiculopathy, degenerative disc disease, and status post anterior cervical decompression and fusion. Furthermore, Appellant testified that he was dismissed from his employer shortly after his return because the employer did not have any light duty work for him to perform. Appellant's prior work included shipping, assembly, maintenance and work as a machine operator.
Appellant submitted medical documentation to support his application, which was reviewed by the Medical Assistance Review Team (MART). The MART reviewed a MA-63 (Physician Examination Report), dated September 2, 2003; an independent medical evaluation dated January 14, 2003, completed by Dr. Blazer of the Orthopedics Group; an AP-70 form (Information for the Determination of Disability); medical records covering the period from 2001 to March 11, 2003; diagnostic test reports from St. Joseph Hospital dated 2002; and a one-page PT note dated October 24, 2001. The MART found that Appellant was not totally disabled, and informed him by written notice of its denial on October 20, 2003.
Appellant filed a timely request for an administrative hearing on October 29, 2003, and the hearing was held on January 27, 2004 before Hearing Officer Laurie R. DiOrio (Hearing Officer). Both Joseph Amaral (Amaral), a D.H.S. social worker, and the Appellant testified at the hearing. Appellant was not represented by counsel.
At the hearing, Amaral testified that in order for an applicant to be found disabled, the individual must "have an illness or injury that is severe, must last 12 months and must be severe enough to render [the individual] incapable of any type of work, not necessarily [the individual's] past work." (Hearing Tr. at 2.) According to the Amaral's testimony, Mejia had a discectomy in 2001, and after recovering, he returned to work. (Hearing Tr. at 3.) He also testified that Appellant complained of increasing amounts of cervical pain, and consequently, Appellant received Emergency Room treatment due to this pain in September 2001. (Hearing Tr. at 3.) Amaral also testified that the MART conducted a five-step sequential evaluation in making its determination regarding Appellant's disability. (Hearing Tr. at 2.) Amaral noted that the MART had not received any up to date medical records from any orthopedist. (Hearing Tr. at 3-4.) The MART concluded that there was insufficient evidence to determine the severity of Appellant's impairment. (Hearing Officer's Decision at 2-3.)
At the hearing on January 27, 2004, Appellant submitted additional medical records. These records included the following: a four-page letter dated June 17, 2003 by Medhat A. Kader, M.D. to the Worker's Compensation Court; a letter dated May 20, 2003 from Christopher Huntington, M.D., Orthopedic Institute; and a letter dated December 16, 2003 addressed to Attorney Stephen Dennis from Christopher Huntington, M.D. (Hearing Tr. at 4-5.) After receiving these additional records, the Hearing Officer left the record open for an additional seven (7) days in order for the MART to reconsider its decision in light of the newly submitted evidence. The Hearing Officer stated that if the MART found that no change in its decision was warranted, she would make an independent decision based on all the evidence. (Hearing Tr. at 13-14.) On January 30, 2004, the MART informed the Hearing Officer that it had reviewed the additional material. Based on the newly submitted medical evidence and testimony of Appellant, the MART determined that the impairment was, in fact, severe. (Hearing Officer's Decision at 4.) Despite the impairment, it was determined that Appellant was nonetheless able to at least perform sedentary work, taking into account his age, education, and past relevant work.[1] Thus, consistent with 20 C.F.R. § 416.920, the Appellant was found not disabled and ineligible for medical assistance benefits.
Subsequently, the Hearing Officer issued a final decision on February 2, 2004, affirming the decision of the MART. The Hearing Officer found that the evidence supported that the Appellant was able "to sit, stand and walk for 6 hours in an 8 hour workday, with customary breaks; lift 10 pounds and sustain customary workday tolerances." (Hearing Officer's Decision at 4.) Based on this, the Hearing Officer determined that Appellant was able to do sedentary work and was not disabled under20 C.F.R. § 416.920, thereby denying medical assistance benefits to the Appellant. (Hearing Officer's Decision at 4.) Appellant filed a timely appeal with this Court, pursuant to § 42-35-15. A decision is herein rendered.
 STANDARD OF REVIEW
The Superior Court's power to review appeals of agency decisions is governed by G.L. 1956 § 42-35-1 et seq. Section 42-35-15(g) provides:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error or [sic] law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The Superior Court sits as an appellate court with a limited scope of review, under which the justice may not substitute his or her judgment for that of the agency with respect to credibility of the witnesses or the weight of the evidence as to questions of fact. Ctr. for BehavioralHealth v. Barros, 710 A.2d 680, 684 (R.I. 1998); Mine Safety AppliancesCo. v. Berry, 620 A.2d 1255, 1259 (R.I. 1993). "`[T]he Superior Court may not, on questions of fact, substitute its judgment for that of the agency' . . . even in a case in which the court `might be inclined to view the evidence differently and draw inferences different from those of the agency.'" Johnston Ambulatory Surgical Assocs. v. Nolan, 755 A.2d 799,805 (R.I. 2000) (quoting Rhode Island Pub. Telecomm. Auth. v. RhodeIsland State Labor Relations Bd., 650 A.2d 479, 485 (R.I. 1994)). "If there is sufficient competent evidence in the record, the court must uphold the agency's decision." Id. (quoting Barrington Sch. Comm. v. RhodeIsland State Labor Relations Bd., 608 A.2d 1126, 1138 (R.I. 1992)).
 Standard to Determine Disability
Disability benefits are provided by the federal government and administered at the state level by D.H.S. Tierney v. Dep't of HumanServs., 793 A.2d 210 (R.I. 2002); 42 U.S.C. § 1396 et seq. Pursuant to §42-12-4, D.H.S. is authorized to provide medical assistance programs to disabled persons who qualify under § 40-8-3, which enunciates eligibility for benefits based on federal guidelines. 42 U.S.C. § 1396 et seq.; 20 C.F.R. §§ 416.901-416.998; see also § 40-8-3 (providing eligibility requirements for medical assistance benefits). A Hearing Officer must determine whether an applicant for benefits is disabled under the five-step inquiry set forth in 20 C.F.R. § 416.920. Under said five-step inquiry, the Hearing Officer must determine the following:
"1. Is the claimant engaged in substantial activity?
2. If not, is the impairment severe?
 3. If severe, does it meet or equal an impairment listed in the Supplemental Security Income (SSI) regulations?
 4. If it does not meet or equal SSI regulations, does the impairment prevent the claimant from doing past relevant work?
 5. Considering age, education, work experience and residual functional capacity, does the impairment(s) prevent the claimant from doing other work in the national economy?" 20 C.F.R. § 416.920(a)(4).
This five-step inquiry is sequential in nature, and a negative determination at any step (except step 3) results in a finding of no disability. McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). Additionally, if a disability is found, it must last or be expected to last twelve continuous months or end in death. 20 C.F.R. § 416.909. Throughout the inquiry, the applicant bears the burden of proof as to the first four steps; however, if the fifth step is reached, the burden switches to D.H.S. to prove that the applicant can perform work in the national economy other than the applicant's past relevant work.
 ADMINISTRATIVE DECISION REGARDING DISABILITY
Mejia argues that D.H.S. failed to weigh physician opinion as required under federal law, to determine whether he was disabled. Additionally, Mejia suggests that D.H.S. failed to assess pain and symptoms under federal requirements. Mejia also contends that he is disabled because his impairment prevents him from engaging in sedentary work. According to Mejia, D.H.S. failed to make the necessary findings and its decision is characterized by error of law, unsupported by substantial evidence, and is arbitrary and capricious.
D.H.S. argues that under the five-step sequential analysis sanctioned by state and federal regulations, the Hearing Officer's decision should stand. D.H.S. argues that the Hearing Officer reviewed various physician reports and medical evidence in arriving at her determination that Mejia can perform sedentary work. D.H.S. also contends that the disability determinations that the Hearing Officer made were in accordance with state and federal law.
In this matter, with respect to the first step, it is undisputed that Mejia is not presently working. (Hearing Tr. at 2; Hearing Officer's Decision at 2-3.) Because Mejia is not working, he is not engaged in substantial activity. Thus, the first criterion in the five-step sequential inquiry is satisfied.
The second step inquires as to whether the impairment is severe. The Hearing Officer concluded that "the evidence establishe[d] the presence of a medically determinable impairment that has lasted 12 months." (Hearing Officer's Decision at 3.) Such a conclusion was reached after the Hearing Officer's "review of the MA-63, the AP-70 and the noted medical records," which evidenced Mejia's "pain, weakness and numbness secondary to C5/6 radiculopathy, rotator cuff tendonitis and biceps tendonitis." (Hearing Officer's Decision at 3-4.) The Hearing Officer also noted "s/p cervical diskectomy [sic] and fusion at C6/7" after review of "MRI and CT scans, EMG nerve studies . . . [and] through reports of independent medical exams (IME) and physical examinations from [Mejia's] treating sources." (Hearing Officer's Decision at 4.) Mejia testified that he feels pain from his neck all the way down his left arm. (Hearing Tr. at 7.) Mejia indicated that he has also experienced numbness and weakness in his arm, especially in his thumb and forefinger. (Hearing Tr. at 8.) The Hearing Officer had substantial evidence before her to find the impairment severe.
Under the third sequential step, the impairments must meet the SSI regulations. The Hearing Officer referenced Section 1.04 of the Social Security Administration's Listing of Impairments, which requires evidence to "establish nerve root compression, characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss and atrophy with associated muscle weakness, accompanied by sensory loss." (Hearing Officer's Decision at 4.) The Hearing Officer found that "the records indicate[d] minor nerve root irritation, not compression." (Hearing Officer's Decision at 4.) The Hearing Officer utilized the most recent information from Dr. Huntington (note dated 12/12/03), which noted "4/5 strength in the left biceps and left wrist extensors with 5/5 strength otherwise, no impingement sign, no rotator cuff weakness." (Hearing Officer's Decision at 4.) The Hearing Officer found that though there was "evidence of tenderness and decreased range of motion of the cervical spine . . . the impairment [was] not of a listing level severity, [but] there [were] functional limitations." (Hearing Officer's Decision at 4.) Thus, the Hearing Officer answered the third step in the negative: the impairment did not meet or equal SSI regulations.
A negative answer to step three necessitates the fourth inquiry as to whether the impairment prevents the applicant from performing his past relevant work. According to Mejia's testimony, he previously worked as a shipping and assembly worker and machine operator in the textile and manufacturing industries. (Hearing Tr. at 9.) The Hearing Officer found that Mejia's "past work was of a medium level of exertion," "requiring him to stand, walk and bend for 7 hours, lift up to 150 pounds, operate machines, use tools and complete production reports." (Hearing Officer's Decision at 4.) The Hearing Officer thereby found that Mejia was unable to perform his past work.
Under the fifth inquiry, an applicant's impairment must prevent him/her from other employment in the national economy, based on his/her age, education, work experience and residual functional capacity. After a full review of the medical records, the Appellant's testimony, and the MA-63 form, the Hearing Officer found that Mejia was in fact able to perform other work. (Hearing Officer's Decision at 4.) The Hearing Officer found Mejia capable of "sedentary residual functional capacity." (Hearing Officer's Decision at 4.) The Hearing Officer concluded that Mejia "retain[ed] the ability to sit, stand and walk for 6 hours in an 8 hour workday, with customary breaks; lift 10 pounds and sustain customary workday tolerances." (Hearing Officer's Decision at 4.) The Hearing Officer did, however, recognize that Mejia "should avoid lifting with his left arm, frequent over shoulder level reaching with his left arm," and that Mejia may in fact "have limitation[s] for fine work involving grasping, pinching, fingering with his left hand." (Hearing Officer's Decision at 4.) Accordingly, the Hearing Officer had probative evidence before her to find Mejia was not disabled for purposes of the Medical Assistance Program because he was capable of doing other sedentary work.
 OPINIONS OF TREATING PHYSICIANS
Pursuant to federal regulations, substantial weight is given to the opinions of treating sources:
 "since these sources are likely to be the medical professional most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927.
Appellant argues that the Hearing Officer failed to weigh the opinions of his treating physicians. However, the Hearing Officer did, in fact, base her decision on the medical reports and records of the Appellant's treating sources — those of Christopher Huntington MD, Medhat Kader MD, Gus Stratton MD, The Orthopaedic Institute Inc., St. Joseph Hospital, Steven Blazar MD of the Orthopedic Group Inc., and Occupational Health 
Rehabilitation, Inc. — upon which she correctly placed significant and controlling emphasis. See20 C.F.R. § 416.927(d). While Mejia will have some restrictions placed on his work ability, he is not foreclosed from all work, and is therefore, not disabled under the applicable standard. The Hearing Officer had before her competent evidence to reach such a conclusion, and accordingly this Court shall not substitute its judgment for that of the Hearing Officer. See Johnston Ambulatory Surgical Assocs.,755 A.2d at 805. Accordingly, the Hearing Officer's finding that Mejia was not entitled to medical assistance payments is supported by reliable, probative, and substantial evidence.
CONCLUSION
Based on the reliable, probative, and substantial evidence of record, this Court finds that the Hearing Officer properly found that Mejia was not disabled. The Hearing Officer's decision was not an abuse of discretion, arbitrary or capricious, or in violation of statutory or constitutional provisions. Substantial rights of the Appellant have not been prejudiced. The decision of the Hearing Officer is hereby affirmed.
Counsel shall submit an appropriate order consistent with this opinion.
[1] The Hearing Officer found that the Appellant was 47 years old with a 12th grade education and has done work in the past that can be classified as semi-skilled. (Hearing Officer's Decision at 4.)